Davor Rukavina, Esq.
Texas Bar No. 24030781
MUNSCH HARDT KOPF & HARR, P.C.
3800 Lincoln Plaza
500 N. Akard Street
Dallas, Texas  75201
Telephone: (214) 855-7500
Facsimile: (214) 978-4375

ATTORNEYS FOR TEXTRON
FINANCIAL CORPORATION

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| MICHAEL RAY COWAN, | § | CASE NO. 05-41951-RFN-13 |
| | § | |
| Debtor. | § | |
| | § | |

**MOTION OF TEXTRON FINANCIAL CORPORATION**
**<u>TO DISMISS CHAPTER 13 CASE FOR INELIGIBILITY</u>**

TO THE HONORABLE RUSSELL F. NELMS, U.S. BANKRUPTCY JUDGE:

COMES NOW Textron Financial Corporation ("<u>Textron</u>"), a creditor and party-in-interest in the above styled and numbered chapter 13 bankruptcy case (the "<u>Bankruptcy Case</u>") of Michael Ray Cowan (the "<u>Debtor</u>"), and files this its Motion to Dismiss Chapter 13 Case for Ineligibility (the "<u>Motion</u>"), respectfully stating as follows:

## I.    BACKGROUND

**A.    THE BANKRUPTCY CASE**

1.    On February 28, 2005 (the "<u>Petition Date</u>"), the Debtor filed his voluntary petition for relief under chapter 13 of title 11 of the United States Code, 11 U.S.C. §§ 101, et. seq. (the "<u>Bankruptcy Code</u>"), thereby initiating this Bankruptcy Case and creating his Chapter 13 bankruptcy estate (the "<u>Estate</u>").

2.      The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 1334.  This Motion is a core matter pursuant to 28 U.S.C. § 157(b)(2).  Venue of the Bankruptcy Case and of this Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

**B.      TEXTRON'S CLAIM**

3.      Textron holds an unsecured claim against the Debtor in the amount of $193,631.60, as evidenced by Textron's proof of claim (assigned claim number 9 by the Clerk of the Court), which Textron hereby incorporates herein.  Textron's claim arises as a result of a promissory note executed by the Debtor in favor of Textron, in the original principal amount of $173,000.00, which itself arises as a result of a settlement agreement and judgment entered into between the Debtor and Textron in the 352d Judicial District Court of Tarrant County, Texas.

## II.      DISCUSSION

4.      Pursuant to the Bankruptcy Code, "on request of a party in interest or the United States trustee and after notice and a hearing, the court may convert a case under this chapter to a case under chapter 7 of this title, or may *dismiss a case under this chapter*, whichever is in the best interests of creditors and the estate, for cause."  11 U.S.C. § 1307(c) (2005) (emphasis added).  The Bankruptcy Code provides several examples of "cause" warranting dismissal which, as examples only, are not exclusive.  *See id*.

5.      A debtor's ineligibility for relief under Chapter 13 due to debt in excess of the applicable limits constitutes "cause" to dismiss a Chapter 13 case.  *See Hammers v. IRS (In the Matter of Hammers)*, 988 F.2d 32, 35 (5th Cir. 1993); *In re Brandon*, 93 B.R. 1002, 1003 (Bankr. D. Idaho 1988) ("[i]f Chapter 13 debtors cannot fulfill the eligibility requirements after the filing and the order for relief, the appropriate sanction and result is a dismissal of the case").

6. Under the Bankruptcy Code, "[o]nly an individual with regular income that owes, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts of less than $307,675 and noncontingent, liquidated, secured debts of less than $ 922,975 . . . may be a debtor under chapter 13." 11 U.S.C. § 109(e) (2005) (these debt limits applied on the Petition Date). The determination of the amount of debt under section 109(e) of the Bankruptcy Code is made as of the Petition Date. *See In re Robertson*, 143 B.R. 76, 78 (Bankr. N.D. Tex. 1992).

7. A proof of claim need not be filed in order to consider debt within the section 109(e) calculation, s*ee In re Edwards*, 51 B.R. 790 (Bankr. D.N.M. 1985), nor is the Court bound by the Debtor's determination of his debt as disclosed on his schedules. *See In the Matter of Gould*, 137 B.R. 761, 765 (W.D. Ark. 1992). Additionally, the calculation of unsecured debt for purposes of the eligibility limitation must include the undersecured portion of a secured claim. *See Ficken v. United States (In re Ficken)*, 2 F.3d 299, 300 (8th Cir. 1993) (per curiam); *Brown & Co. Sec. Corp. v. Balbus (In re Balbus)*, 933 F.2d 246, 247 (4th Cir. 1991). *But see In re Morton*, 43 B.R. 215 (Bankr. E.D.N.Y. 1984).

8. Applying the foregoing analysis, the Debtor had, as of the Petition Date, the following noncontingent, liquidated, unsecured debts:

| Claim Amount | Name of Creditor | Evidence of Claim |
| --- | --- | --- |
| $193,631.60 | Textron Financial Corporation | Proof of Claim No. 9 |
| $99,348.70 | Internal Revenue Service | Proof of Claim No. 11 |
| $16,770.47 | Texas Higher Education Coordinating Board | Proof of Claim No. 14 |
| $17,000.00 | Hinson Hazelwood Student Loan | Proof of Claim No. 13 |
| $18,119.36 | Sherman Acquisitions, L.P. | Proof of Claim No. 5 |

| $25,065.14 | JP Morgan Chase Bank, N.A. | Proof of Claim No. 2 |
|---|---|---|
| $17,500.00 | Citibank (credit card) | Schedule F |
| $29,540.00 | Countrywide Home Loans | Schedule D (deficiency) |
| $26,723.48 | Homeq Servicing Corporation | Schedule D (deficiency) |
| **$443,698.75** | | |

9.      The total unsecured, noncontingent, and liquidated debt of the Debtor as of the Petition Date was therefore at least $443,698.75 – well in excess of the $307,675 ceiling, regardless of whether undersecured claims should be included, and regardless of whether the Debtor disputes one or more of these claims.  Moreover, the Debtor's failure to object to any of the foregoing claims on a substantive basis further evidences that said claims are noncontingent and liquidated unsecured claims.  *See* 11 U.S.C. § 502(a) (providing that a proof of claim is deemed allowed absent an objection).

10.     Accordingly, as the Debtor is not eligible for relief under Chapter 13 of the Bankruptcy Code because his unsecured debt exceeds the statutory ceiling, the Court should dismiss this Bankruptcy Case.  *See, e.g., In the Matter of Hammers*, 988 F.2d at 35.  Given the length of time that the Debtor has improperly resided in Chapter 13 notwithstanding his patent ineligibility, during which time Textron and other unsecured creditors have been prevented from exercising their rights and from receiving any recovery on account of their claims, Textron requests that a dismissal of this Bankruptcy Case be with prejudice to the Debtor's filling of any bankruptcy case under any chapter of the Bankruptcy Code for a period of at least six (6) months.

### III.   PRAYER

WHEREFORE, PREMISES CONSIDERED, Textron respectfully requests that the Court enter an order: (i) granting this Motion; (ii) dismissing this Bankruptcy Case with prejudice to refilling under any chapter for at least six (6) months; (iii) in the alternative, converting this Bankruptcy Case to Chapter 7 of the Bankruptcy Code; and (iv) granting Textron such other and further relief to which it may show itself to be justly entitled.

RESPECTFULLY SUBMITTED this 29th day of August, 2006.

**MUNSCH HARDT KOPF & HARR, P.C.**

By: /s/ Davor Rukavina
    Davor Rukavina, Esq.
    Texas Bar No. 24030781
    3800 Lincoln Plaza
    500 N. Akard Street
    Dallas, Texas  75201
    Telephone: (214) 855-7500
    Facsimile: (214) 855-7584

**ATTORNEYS FOR TEXTRON
FINANCIAL CORPORATION**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on this the 29th day of August, 2006, he caused a true and correct copy of this document to be served, by U.S. first class mail, postage prepaid, on the parties listed on the attached service list, and additionally by facsimile on: Ted Machi & Associates at (817) 275-6660, and Timothy Truman at (817) 498-1362.

By: /s/ Davor Rukavina
Davor Rukavina, Esq.